UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEAN CHRISTOPHER DRUMMOND-BLAIR,

    Petitioner,

v.

ALEJANDRO MAYORKAS et al.,

    Respondents.

_____/

Case No. 1:23-cv-756

Honorable Hala Y. Jarbou

# **OPINION**

  This is a habeas corpus action brought by a former United States Immigration and Customs Enforcement (ICE) detainee under 28 U.S.C. § 2241. Petitioner was incarcerated at the Calhoun County Correctional Center in Battle Creek, Michigan, when he filed his petition on July 14, 2023. In his § 2241 petition, Petitioner seeks release from ICE detention, asserting that his continued detention pending removal violates his constitutional rights and rights under federal statutory law. (ECF No. 1.)

  In an order entered on July 21, 2023, the Court directed Respondents to answer the petition. (ECF No. 4.) Respondents first filed a brief in opposition to the petition. (ECF No. 12.) Subsequently, on November 3, 2023, Respondents filed a motion to dismiss (ECF No. 14) and a memorandum in support thereof (ECF No. 15). In their motion, Respondents contend that Petitioner's challenge to his immigration detention is moot because ICE released Petitioner from custody on October 20, 2023. Petitioner has not filed a response to Respondents' motion to dismiss, and the deadline to do so has expired. For the following reasons, the Court will grant Respondents' motion to dismiss (ECF No. 14) and will dismiss Petitioner's petition (ECF No. 1).

## Discussion

### I. Factual Allegations

Petitioner is a citizen of Jamaica. (Petition, ECF No. 1, PageID.2.) On May 19, 2006, Petitioner was convicted of "conspiracy to import at least five kilograms of cocaine and at least 100 kilograms of marijuana, conspiracy to possess with intent to distribute at least five kilograms of marijuana, and possession with intent to distribute less than 100 kilograms of marijuana" in the United States District Court for the Southern District of Florida. (Saunders Decl. ¶ 5, ECF No. 12-1.) On February 23, 2021, the Southern District of Florida amended Petitioner's sentence and sentenced him to 227 months' imprisonment. (*Id.* ¶ 6.) The Department of Homeland Security commenced removal proceedings in April of 2021. (*Id.* ¶¶ 8, 10.) Petitioner filed an application for asylum and withholding of removal, but an immigration judge denied his request. (*Id.* ¶¶ 11–13.) The Board of Immigration Appeals dismissed Petitioner's appeal on January 26, 2022. (*Id.* ¶ 17.) On February 13, 2023, ICE filed a motion to reopen and dismiss withholding-only proceedings "based upon the inadvertent disclosure by ICE of certain information regarding [Petitioner]." (*Id.* ¶ 25) Subsequently, on October 20, 2023, Petitioner was released from ICE detention. (Saunders Suppl. Decl. ¶ 5, ECF No. 15-1.)

### II. Motion to Dismiss

Respondents contend that Petitioner's challenge to his detention and his request for release from detention are moot because Petitioner was released from ICE custody. (ECF No. 15, PageID.112–14.)

The Supreme Court has held that under Article III, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citations omitted). A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Planning*

*Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

Federal courts may exercise habeas jurisdiction when a petitioner alleges that he or she is "in custody" in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). In Petitioner's § 2241 petition, he challenges his continued detention by ICE pending removal, not the legality of his removal. Petitioner, however, was released from ICE detention. The Court, therefore, cannot grant the relief that Petitioner seeks—release from custody. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004). Petitioner's request for release from detention became moot on October 20, 2023, when he was released from ICE detention. *See Al-Khawalani v. U.S. Dep't of Homeland Security*, No. 2:19-cv-182, 2020 WL 1990965, at *1 (W.D. Mich. Apr. 1, 2020), *report and recommendation adopted*, 2020 WL 1986485 (W.D. Mich. Apr. 27, 2020). Petitioner's § 2241 petition, therefore, will be dismissed as moot.

## Conclusion

For the reasons discussed above, the Court will enter an order and judgment granting Respondents' motion to dismiss (ECF No. 14) and dismissing Petitioner's § 2241 petition.[1]

Dated:   December 8, 2023                              /s/ Hala Y. Jarbou
                                                              HALA Y. JARBOU
                                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).